UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

September 2, 2011

**VIA ELECTRONIC FILING**

Nathaniel Cartwright Norton, Esq.
Maryland Legal Aid Bureau Inc.
500 E Lexington St.
Baltimore, MD 21202

Zorayda Moreira Smith, Esq.
Casa De Maryland Inc.
8151 15th Ave.
Hyattsville, MD 20783

Richard R. Renner, Esq.
Kohn Kohn and Colapinto
3233 P St., NW
Washington, DC 20007

Heather Lynn Gomes, Esq.
Legal Aid Bureau of Maryland
Calvert Bldg.
6811 Kenilworth Ave. Ste. 500
Riverdale, MD 20737

Dennis M. Ettlin, Esq.
Brown and Sturm
260 E Jefferson St. Ste. 314
Rockville, MD 20850

Re:     Gonzalez et al. v. Caron et al.
        Civil Action No.: CBD-10-2188

Dear Counsel:

The Court has received Plaintiffs Janet Gonzalez and Lisa Wilkinson's Motion for Attorney's Fees (ECF No. 30) ("Plaintiffs' Request"). The Court has reviewed Plaintiffs' Request and all related briefings. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, the Court GRANTS Plaintiffs' Request in the amount of $1,900.00.

**I.      Background**

Plaintiffs Gonzalez and Wilkinson served requests for production upon Defendants Belinda Caron and James Caron on December 17, 2010. Plaintiffs' Memorandum In Support of Plaintiffs' Motion to Compel Discovery Responses (ECF No. 21-1) ("Plaintiffs' Memorandum"). On January 7, 2011, Defendants requested a 30-day extension to the response deadline. Id. at 1, Exhibit C. On January 12, 2011, Plaintiffs suggested that Defendants respond to the document requests by February 10, 2011. Id. at 1, Exhibit D. After inquiries from Plaintiffs, on March 1, 2011, Defendants stated by e-mail that they had "draft responses and are preparing them for transmittal to counsel." Id. at Ex. G. Defendants, however, did not provide responses to the document requests. Id. at 2.

Plaintiffs filed a Motion to Compel Discovery Responses ("Plaintiffs' Motion to Compel") (ECF No. 21) on March 30, 2011. Defendants did not file a response. On June 10, 2011, the Court granted Plaintiffs' Motion to Compel and allowed Plaintiffs to seek an award for fees and expenses by filing an affidavit in support within 14 days of entry of the Order (ECF No.

*Gonzalez et al. v. Caron et al.*
Page 2 of 5
September 2, 2011

28).  Plaintiffs timely filed their Request, which seeks $2,580.00 in attorneys' fees in connection with Plaintiffs' Motion to Compel.  Per the Court's June 10 Order, Defendants had 14 days within which to file an opposition.  To date, Defendants have not done so.

## II.    Calculation of Fees

Under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, the Court must "require the party . . . whose conduct necessitated the motion [to compel discovery], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Courts determine the amount of attorney's fees to award by first calculating the "lodestar figure."  Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009) (citing Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008)).  The lodestar figure equals the number of reasonable hours expended by counsel multiplied by a reasonable hourly rate.  Id.  The Court examines twelve factors to determine the "reasonable" hours and rates:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

See id. at 243-44 (internal quotation marks omitted) (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the factors specified by Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974))).  The Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the "Guidelines"), which are located in Appendix B of the Local Rules of the U.S. District Court for the District of Maryland.

After calculating the lodestar figure, the court must then "subtract fees for hours spent on unsuccessful claims unrelated to successful ones."  Grissom, 549 F.3d at 321 (citation and internal quotation marks omitted).  But, as here, if the "plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."  Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).

The Court finds Johnson factors one and nine most persuasive in evaluating Plaintiffs' Request.  Factor one is relevant because Plaintiffs' attorneys spent a significant amount of time and effort attempting to obtain responses to their document requests.  Additionally, as in virtually

every case, the experience, reputation, and ability of the attorney is a relevant factor.  The more experienced an attorney, the more efficiently he or she is expected to perform.  Likewise, one would expect a more experienced attorney to charge higher fees than an inexperienced attorney.  Keeping these factors in mind, the Court will now address the reasonableness of counsel's rates and of the hours spent by counsel on Plaintiffs' Motion to Compel.

## A.  Reasonable Billing Rate

Plaintiffs offer declarations of two attorneys, Nathaniel Norton and Heather Gomes, as their primary support for the reasonableness of the billing rates of counsel.  Standing alone, the Court finds these declarations insufficient.  Parties seeking fee awards "must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award."  See Robinson, 560 F.3d at 245.  Affidavits from "other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" are the usual form of such evidence.  Id. (emphasis added); see also Costar Grp., Inc. v. Loopnet, Inc., 106 F. Supp. 2d 780, 788 (D. Md. 2000).

But Plaintiffs' failure to include affidavits from independent counsel is not fatal.  Although affidavits are the preferred evidence of the prevailing market rates for legal services, "in the absence of sufficient documentation, the court may rely on its own knowledge of the market."  Costar, 106 F. Supp. 2d at 788 (citing Norman v. Housing Auth., 836 F.2d 1292, 1303 (11th Cir. 1988) ("The Court . . . is itself an expert on the question [of reasonableness] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  (citation and internal quotation marks omitted))).  In the District of Maryland, this market knowledge is embedded in the Guidelines.  Significantly, the Guidelines provide ranges of reasonable hourly rates based on counsel's years of experience.  While the Guidelines are not binding, generally this Court presumes that a rate is reasonable if it falls within these ranges.[1]  In light of this, Plaintiffs have provided sufficient information for this Court to determine whether the proposed attorneys' fees are reasonable.

---

[1] The Guidelines note, however,

> These rates are intended solely to provide practical guidance to lawyers and judges when requesting, challenging and awarding fees.  The factors established by case law obviously govern over them.  One factor that might support an adjustment to the applicable range is an increase in the cost of legal services since the adoption of the guidelines.  The guidelines, however, may serve to make the fee petition less onerous by narrowing the debate over the range of a reasonable hourly rate in many cases.

See Guidelines at 5 n.6

Plaintiffs seek compensation for work performed by Nathaniel Norton, Esq. at a rate of $250.00 per hour, and for work performed by Heather Gomes, Esq. at a rate of $225.00 per hour. In his affidavit, Mr. Norton provides that his rate is reasonable based on his experience and the Guidelines. Plaintiffs' Request, Affidavit of Nathaniel Norton at 3 (ECF No. 30-1) ("Norton Affidavit"). Mr. Norton describes his experience as follows: he was admitted to practice law in Texas in 2002. Id. at 1-2. He worked as an attorney for Texas RioGrande Legal Aid from June 2002 to September 2005, at which time he became a staff attorney for the Chief Justice of the Supreme Court of the Federated States of Micronesia. Id. at 2. In October 2006, he left that position, and in January 2007, he returned to Texas RioGrande Legal Aid. Id. In December 2009, he joined the Legal Aid Bureau as its Supervising Attorney for the Farmworker Program. Id. Mr. Norton asserts that he has significant experience providing "legal services to the poor, particularly in complex federal court litigation involving the employment rights of low-wage workers." Id.

In support of his Request, Mr. Norton also states that in 2010, the U.S. District Court for the Southern District of Texas awarded him fees at a rate of $270.00 per hour. Id. As noted, however, the key in determining the reasonableness of an hourly rate is the prevailing market rate, and Texas is not the prevailing market. The Guidelines provide a rate range of $165.00 to $250.00 for attorneys with five to eight years of experience, and a range of $225.00 to $300.000 for attorneys with nine to fourteen years of experience. While the Guidelines are fashioned in terms of "years admitted to the bar," the Court accepts Mr. Norton's representation that he has eight years of experience litigating employment rights of low-wage workers; and, thus, a rate of $250.00 per hour is reasonable.

Ms. Gomes asserts in her affidavit that her experience and the Guidelines entitle her to a rate of $225.00 per hour. Plaintiffs' Request, Affidavit of Heather Gomes at 3 (ECF No. 30-2) ("Gomes Affidavit"). Ms. Gomes was admitted to the Bar of Maryland in 2003. Id. at 1. After serving as a Law Clerk for two years, she worked in private practice in securities litigation and enforcement for nearly three years. Id. at 2. In September 2008, she joined the Legal Aid Bureau. Id. As previously noted, the Guidelines provide a rate range of $165.00 to $250.00 for attorneys with five to eight years of experience. Because Mr. Norton has been practicing law for at least seven years, a rate of $225.00 per hour is reasonable.

## B. Reasonable Hours

Generally, the party seeking fees "has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." Costar, 106 F. Supp. 2d at 788 (citations omitted). However, tables drawn from contemporaneous records can suffice if "they provide an adequate basis for determining whether the hours claimed were reasonably expended." Id. at 789. Cf. Hensley, 461 U.S. at 437 n.12 (1983) (explaining that "counsel is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures").

Here, the Court finds that Plaintiffs' summary tables provide the Court with adequate descriptions of each task worked on by each attorney, the dates on which those tasks were performed, and the amount of time spent on those tasks.  Further, counsel properly discounted and omitted hours that were "'excessive, redundant, or otherwise unnecessary.'"  See Costar, 106 F. Supp. 2d at 789 (quoting Hensley, 461 U.S. at 434).  For example, Mr. Norton omitted time that he spent editing work done by Ms. Gomes on Plaintiffs' Motion to Compel and correspondence detailing the deficiencies in the responses provided.  Norton Affidavit at 2-3.  He also excluded time spent on discussions and e-mails with Ms. Gomez regarding these issues.  Id. at 3.  Further, Mr. Norton reduced the time that he spent preparing Plaintiffs' Motion to Compel and Plaintiffs' Memorandum by two hours to account for overlap of work performed by Ms. Gomes.  Id.  Similarly, Ms. Gomes omitted time that she spent editing work done by Mr. Norton on Plaintiffs' Motion to Compel, Plaintiffs' Memorandum, and correspondence, and time that she spent on discussions and e-mails with Mr. Norton.  Gomez Affidavit at 2.  Ms. Gomes also reduced the time that she spent preparing Plaintiffs' Motion to Compel and her affidavit for this Request by one hour.  Id.

However, Plaintiffs' request for reimbursement of 10.9 hours is excessive for Plaintiffs' Motion to Compel and Request.  Plaintiffs' Motion to Compel was not complicated or fact-intensive, and Plaintiffs were not required to file a reply brief or review an opposition brief, as Defendants did not file the latter.  Therefore, the Court will only award Plaintiffs fees for eight hours (four hours for each attorney).  The Court provides a table detailing the fee calculation below:

| NAME | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Nathaniel Norton, Esq. | 4.0 | $250.00/hr | $1,000.00 |
| Heather Gomes, Esq. | 4.0 | $225.00/hr | $900.00 |
| | | | |
| TOTAL | | | $1,900.00 |

## III.   Conclusion

For the reasons stated herein, the Court awards Plaintiffs fees in the amount of $1,900.00.  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

/s/
Charles B. Day
United States Magistrate Judge